[Cite as *Foxx v. Condon*, 2026-Ohio-1681.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| ANGELA FOXX, | : | APPEAL NO. | C-250401 |
| | | TRIAL NO. | A-2402727 |
| Plaintiff-Appellant, | : | | |
| vs. | : | | |
| | | *JUDGMENT ENTRY* | |
| JOSHUA CONDON, | : | | |
| Defendant-Appellee. | : | | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/8/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

ANGELA FOXX,                          :          APPEAL NO.   C-250401
                                                 TRIAL NO.    A-2402727
    Plaintiff-Appellant,          :

  vs.                                 :
                                                 *O P I N I O N*
JOSHUA CONDON,                        :

    Defendant-Appellee.           :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 8, 2026


*The Cochran Firm* and *Fanon A. Rucker*, for Plaintiff-Appellant,

*Emily Smart Woerner,* City Solicitor, *Katherine C. Baron*, Senior Assistant City Solicitor, and *Marva K. Benjamin*, Chief Counsel-Litigation, for Defendant-Appellee.

**CROUSE, Presiding Judge.**

{¶1} Plaintiff-appellant Angela Foxx appeals from the trial court's entry granting summary judgment to defendant-appellee Joshua Condon on Foxx's claims for malicious prosecution and "false arrest/false imprisonment." Because the trial court failed to examine and consider all appropriate materials filed by the parties before ruling on the summary-judgment motion, we must reverse its judgment.

## I. Factual and Procedural History

{¶2} Foxx filed a complaint against Condon, in both his individual capacity and in his capacity as a Cincinnati Police Officer, asserting claims for malicious prosecution and false arrest/false imprisonment.

{¶3} The complaint alleged that Condon pulled Foxx over for a traffic stop on February 10, 2023. After speaking with Foxx and checking the computer in his cruiser, Condon learned that Foxx had a license to carry a firearm. He removed Foxx from the vehicle and asked her if there was a weapon in the car. Foxx responded that she could not recall whether her weapon was in the car because she had just recently awakened and was on her way to pick someone up. Condon then handcuffed Foxx and placed her in the rear of his police cruiser. He searched her car and found a firearm. Condon seized the weapon, transported Foxx to the Hamilton County Justice Center, and charged her with carrying a concealed weapon ("CCW") in violation of R.C. 2923.12(A). The CCW charge was later dismissed at the request of the prosecuting attorney.

{¶4} In support of the claim for malicious prosecution, the complaint alleged that Condon lacked probable cause and legal justification to arrest Foxx for CCW, that the CCW charge was ultimately dismissed, and that Foxx suffered compensable harm because of Condon's gross negligence and malicious and reckless conduct.

**{¶5}** In support of the claim for false arrest/false imprisonment, the complaint alleged that Condon, acting under the color of his authority as a police officer, intentionally detained, searched, and arrested Foxx without any basis under the circumstances, and that she resultingly suffered anger, humiliation, embarrassment, and severe emotional distress.

**{¶6}** Condon filed a motion to dismiss. The motion asked the trial court to review footage from Condon's body-worn camera ("BWC") depicting Foxx's arrest, which he argued discredited Foxx's claims. The motion further argued that Condon was entitled to immunity and that he had probable cause to arrest Foxx.

**{¶7}** Because it was not permitted to consider the BWC footage when ruling on a motion to dismiss, the trial court issued a decision converting Condon's motion to dismiss into a motion for summary judgment. The decision provided that both parties had 30 days to submit any additional materials or memoranda regarding the converted motion.

**{¶8}** Foxx filed a motion requesting a continuance or, in the alternative, that the trial court stay its consideration of the motion for summary judgment while discovery was conducted. Before the trial court ruled on that motion, Foxx filed a document titled "response to defendant's motion to dismiss converted to a motion for summary judgment." Attached to this document were various evidentiary materials, including (1) an affidavit from Foxx, (2) the complaint charging Foxx with CCW, (3) the municipal court's order releasing Foxx's firearm and requiring that it be returned to her, (4) a transcript from the municipal court hearing in which the prosecutor dismissed the CCW charge, (5) Condon's responses to Foxx's requests for admissions, and (6) an excerpt from "Protecting the Unprotected," a manual published by Ohio's Attorney General regarding Ohio's concealed-carry laws.

{¶9} The trial court issued an entry granting Foxx's request for a continuance. The entry stated, "It appears to the Court that the Plaintiff has conducted a large amount of discovery and the Court finds that the discovery process has proceeded properly." The court specifically referenced the documents that Foxx had attached to her response to the motion for summary judgment, including Condon's responses to the requests for admissions, Foxx's affidavit, a copy of the CCW complaint, the municipal court entry ordering release of property, and the transcript of the proceedings before the municipal court. The trial court continued its decision on the motion for summary judgment for 60 days so that the parties could conduct further discovery.

{¶10} Approximately eight months later, the trial court issued a decision granting Condon's motion for summary judgment. The decision referenced the fact that the court had granted a continuance to allow the parties to conduct further discovery and stated, "The Court has done a thorough review of the Clerk's website and to date there has been no documentation filed with the Court relevant to the pending Motion for Summary Judgment."

{¶11} Foxx now appeals.

## II. Summary Judgment

{¶12} In a single assignment of error, Foxx argues that the trial court erred in granting summary judgment to Condon.

{¶13} Foxx contends that the trial court's entry clearly establishes that it failed to consider her response to Condon's motion for summary judgment and the documents attached to it when ruling on the motion. She advocates for a plain-error review, but we do not find that she is so limited. Because the trial court's failure to consider the supporting documents that Foxx had filed did not become apparent until

after summary judgment was granted, Foxx was not able to raise a timely objection below.

{¶14} A trial court's failure to consider all appropriate evidentiary materials offered in support of a motion for summary judgment mandates reversal. *See Murphy v. Reynoldsburg*, 1992-Ohio-95, syllabus ("Civ.R. 56(C) places a mandatory duty on a trial court to thoroughly examine all appropriate materials filed by the parties before ruling on a motion for summary judgment. The failure of a trial court to comply with this requirement constitutes reversible error."); *Kelly v. Coca-Cola Bottling, Co.*, 2004-Ohio-3500, ¶ 25 (1st Dist.) ("the failure of the trial court to consider all appropriate materials under Civ.R. 56(C) constituted incurable reversible error").

{¶15} We agree with Foxx that the record affirmatively shows that the trial court failed to consider the materials that she submitted in opposition to Condon's motion for summary judgment. Despite acknowledging these evidentiary materials in its entry granting Foxx's request for a continuance, the trial court stated in the entry granting summary judgment that it "has done a thorough review of the Clerk's website and to date there has been no documentation filed with the Court relevant to the pending Motion for Summary Judgment."

{¶16} This is a clear, unequivocal statement by the court that it failed to consider the materials that Foxx submitted in support of her opposition to Condon's motion for summary judgment. Condon concedes that the trial court failed to consider these materials, but argues that this is not the extremely rare case in which plain error should be found and that Foxx could have corrected this error at the trial court level, rather than filing an appeal. But we have already established that Foxx is not limited to plain-error review.

{¶17} Because the trial court failed to comply with its mandatory duty to

thoroughly examine all appropriate materials filed by the parties before ruling on Condon's motion for summary judgment, we must reverse its judgment. *See Murphy*, 1992-Ohio-95, at syllabus; *Kelly*, 2004-Ohio-3500, at ¶ 25 (1st Dist.).

{¶18}   Foxx's assignment of error is sustained, and this cause is remanded for the trial court to reconsider Condon's motion for summary judgment after reviewing and considering all materials submitted by the parties in accordance with Civ.R. 56(C).

Judgment reversed and cause remanded.

**BOCK** and **NESTOR, JJ.,** concur.